# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIGHTON COLLECTIBLES, INC., a California corporation,<br><br>                    Plaintiff,<br><br>    vs.<br><br>COLDWATER CREEK, INC., a Delaware corporation; and DOES 1-10, inclusive,<br><br>                    Defendants. | CASE NO. 06-CV-1848-H (JMA)<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS, STAY, OR TRANSFER SUIT BASED ON "FIRST TO FILE" RULE AND DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION TO TRANSFER SUIT UNDER 28 U.S.C. 1404(a) |

On September 12, 2006, Plaintiff Brighton Collectibles, Inc. ("Plaintiff") filed a complaint against Defendants Coldwater Creek, Inc. and Does 1-10, alleging copyright infringement, trade dress infringement, false designation of origin, common law unfair competition and statutory unfair competition arising from the manufacture and sale of handbags, wallets, and other accessories. (Doc. No. 1.) On October 4, 2006, Defendant Coldwater Creek, Inc. ("Defendant") filed a motion to dismiss, stay or transfer this action in light of a prior pending action in the District of Idaho. (Doc. No. 8.) On November 6, 2006, Plaintiff filed its opposition. (Doc. No. 12.) On November 13, 2006, Defendant filed a reply. (Doc. No. 15.) The Court held a telephonic hearing regarding the motion to dismiss, stay or transfer this action on November 20, 2006. Attorneys Peter Ross and Steven Winton represented Plaintiff at

the hearing, and attorneys Alison Pivonka, Peter Brann and Stacy Stitham represented Defendant.

For the following reasons, the Court **DENIES** Defendant's motion to dismiss, stay, or transfer the suit based on the "first to file" rule, and **DENIES WITHOUT PREJUDICE** Defendant's motion to transfer the suit to the District of Idaho under 28 U.S.C. § 1404(a).

## FACTUAL AND PROCEDURAL BACKGROUND

On August 23, 2006, Plaintiff sent Defendant a letter alleging that certain identified products sold by Defendant infringed Plaintiff's copyright and trade dress rights, demanding that Defendant cease and desist from marketing those goods, and demanding an accounting of all revenues Defendant had obtained from the sale of those goods. The letter stated that "if we do not hear from you by the close of business next Friday, August 18, 2006 that you will comply with our demands, we have been instructed to file suit against [Defendant] for copyright infringement, trade dress infringement, false designation of origin and unfair competition and to seek compensatory and punitive damages, injunctive relief and all other remedies afforded by law." (Defendant's Mem. P's & A's in Supp. of Mot., Exh. A, at 2.) On August 31, 2006, an attorney for Defendant called Plaintiff's attorney to ask for more time to respond, and the two agreed that Defendant would have until September 14, 2006 to respond to the August 23 letter. (Ford Decl. ¶¶ 5, 6; Ross Decl., Exh. 2.)

On September 7, 2006, Defendant filed a declaratory judgment action in the District of Idaho, <u>Coldwater Creek Inc. v. Brighton Collectibles, Inc.</u>, Case No. CV-06-355 ("the Idaho suit"), seeking a declaration that Defendant has not infringed Plaintiff's copyrights or trade dress, has not engaged in unfair competition, and has not falsely designated the origin of their products. On September 12, 2006, Plaintiff filed the instant suit ("the California suit"). (Doc. No. 1.)

On September 14, 2006, Defendant's counsel sent counsel for Plaintiff a letter denying that Defendant had infringed Plaintiff's copyright or trade dress interests. (Ross Decl., Exh. 4.) The letter stated that "the threat of imminent litigation contained

in your letter requires that [Defendant] respond proactively to protect its legitimate business interests. Accordingly, [Defendant] has initiated a lawsuit seeking declaratory relief in connection with the issues described in your letter. . . ." (Id.)

Plaintiff has filed a motion to dismiss or stay the Idaho suit, arguing that it is an anticipatory declaratory judgment action and therefore subject to an equitable exception to the first to file rule. Defendant's opposition to the motion was due on November 17, 2006, and Plaintiff's reply is due ten days later. (Plaintiff's Mem. P's & A's in Opp. of Mot. 2:8-12 & n.1.)

## DISCUSSION

### A. "First to File" Rule

Under the "first to file" rule, when cases involving the same parties and issues have been filed in two different districts, the second district court has discretion to transfer, stay, or dismiss the second case in the interest of efficiency and judicial economy. See Cedars-Sinai Medical Center v. Shalala, 125 F.3d 765, 769 (9th Cir. 1997). As the Ninth Circuit has explained, "[t]he first-to-file rule was developed to "serve[ ] the purpose of promoting efficiency well and should not be disregarded lightly." Alltrade, Inc. v. Uniweld Products, Inc., 946 F.2d 622, 625 (9th Cir. 1991). "While no precise rule has evolved, the general principle is to avoid duplicative litigation, and to promote judicial efficiency." Barapind v. Reno, 225 F.3d 1100, 1109 (9th Cir. 2000) (internal quotations and citations omitted). The Alltrade court set forth three prerequisites for application of the first to file rule: (1) chronology of the two actions; (2) similarity of the parties; and (3) similarity of the issues. See Alltrade, 946 F.2d at 625.

However, the first to file rule "is not a rigid or inflexible rule to be mechanically applied, but rather is to be applied with a view to the dictates of sound judicial administration." Pacesetter Sys., Inc. v. Medtronic, Inc., 678 F.2d 93, 95 (9th Cir. 1982); see also Alltrade, 946 F.2d at 627-28. A court "can, in the exercise of [its] discretion, dispense with the first-filed principle for reasons of equity." See Alltrade, 946 F.2d at 628. "The circumstances under which an exception to the first-to-file rule

typically will be made include bad faith, anticipatory suit, and forum shopping." Id. (internal citations omitted).

### 1. Applicability of the "First to File" Rule

The Alltrade Court set forth three prerequisites for application of the first to file rule: (1) chronology of the two actions; (2) similarity of the parties; and (3) similarity of the issues. See id. at 625. The parties agree that all three factors indicate that the first to file rule is applicable to this case. Defendant filed the Idaho suit on September 7, 2006, five days before Plaintiff filed the California suit. The parties in both suits are Brighton Collectibles, Inc. and Coldwater Creek, Inc.[1] Finally, as Plaintiff concedes, the issues in the California suit are the mirror images of the declaratory disputes in the Idaho suit.

### 2. Equitable Exception to the "First to File" Rule For Suits Brought In Anticipation Of An Imminent Suit

Plaintiff argues that an equitable exception warrants a departure from the first to file rule based on the anticipatory nature of Defendant's Idaho action. Plaintiff contends that the declaratory judgment action in Idaho was an attempt to preempt Plaintiff's choice of forum, and thus the Court should exercise its discretion to decline to evoke the first to file rule.

Other district courts in California have ruled that a suit is anticipatory for purposes of allowing a court to treat it as an exception to the first to file rule if the plaintiff in the first-filed action filed suit on receipt of specific, concrete indications that a suit by the defendant was imminent. See Xoxide, Inc. v. Ford Motor Co., 448 F. Supp. 2d 1188, 1192-93 (C.D. Cal. 2006); Z-Line Designs, Inc. v. Bell'O Int'l LLC, 218 F.R.D. 663, 665 (N.D. Cal. 2003); Guthy-Renker Fitness, L.L.C. v. Icon Health & Fitness, Inc., 179 F.R.D. 264, 271 (C.D. Cal. 1998); Ward v. Follett Corp., 158

---

[1] Plaintiff did name ten Doe defendants in the California case, but it plead that "each of the defendants was the agent, principal, employee, representative, or alter ego of the other defendants and/or acted with one or more of the other defendants' knowledge, consent, and approval, and acted within the course and scope of his agency or representative capacity." (Complaint ¶ 6.) Therefore, these Doe defendants do not prevent the parties from being "similar" in the Idaho suit and the California suit.

1 F.R.D. 645, 648 (N.D. Cal. 1994). Some of those courts have added that when a declaratory judgment action has been triggered by a cease and desist letter that both seeks settlement and notifies the party of the possibility of litigation upon collapse of negotiations, equity militates in favor of allowing the second-filed action to proceed to judgment rather than the first. See Xoxide, Inc., 448 F. Supp. 2d at 1993; Z-Line Designs, Inc., 218 F.R.D. at 667. Application of the first to file rule in such situations would thwart settlement negotiations, but rather encourage intellectual property holders to file suit rather than communicate with an alleged infringer.

Plaintiff attempted to negotiate with Defendant when it sent the August 23, 2006 letter requesting that Defendant cease and desist from marketing certain allegedly infringing products. Although Defendant argues that Plaintiff's statement that "if we do not hear from you by the close of business next Friday . . . we have been instructed to file suit against [Defendant] for copyright infringement, trade dress infringement, false designation of origin and unfair competition and to seek compensatory and punitive damages, injunctive relief and all other remedies afforded by law," did not provide it with a specific, concrete indication that a suit was imminent, such a conclusion is belied by Defendant's own attorney's statement that the threat of imminent litigation contained in the August 23, 2006 letter caused Defendant to file the Idaho suit. (Ross Decl., Exh. 4.) Therefore, the Court exercises its discretion to decline to dismiss, stay or transfer this suit based on the previously filed Idaho suit.[2]

### 3. Convenience Factors Affecting The "First to File" Rule

Although a court may also consider the respective convenience of the two courts

---

[2] Although the Federal Circuit has recently held that a district court may not deviate from the first-to-file presumption solely because the first-filed claim was anticipatory of the later-filed claim, the Federal Circuit made clear that it created the rule based on its exclusive jurisdiction over patents, and therefore was ignoring the precedents of other circuits. See Electronics for Imaging, Inc. v. Coyle,, 394 F.3d 1341, 1345–1348 (Fed. Cir. 2005). Since this suit does not involve patents, the Ninth Circuit's Alltrade decision, which provides courts the discretion to deviate from the first to file rule based on equitable considerations created by an anticipatory suit is the controlling precedent. See Alltrade, 946 F.2d at 628.

- 5 -                                                                 06cv1848

when deciding whether to implement the first to file rule, normally this argument is addressed to the court in the first-filed action.  See <u>Alltrade</u>, 946 F.2d at 628. Therefore, this Court declines to address these factors.

**B.      Convenience Transfer Under 28 U.S.C. § 1404(a)**

As an alternative to dismissing, staying, or transferring this suit under the first to file rule, Defendant asks this Court to transfer this suit to the District of Idaho under its discretion to do so for "the convenience of parties and witnesses, [and] in the interest of justice." 28 U.S.C. § 1404(a).  Given the early stage of the pleadings, and the pending motion to dismiss in the Idaho suit, the Court believes it is premature to decide whether to transfer this suit to Idaho or not. If the Court were to transfer this suit to Idaho, and subsequently the Idaho suit was dismissed, the parties would have to start the litigation over.  If, on the other hand, the motion to dismiss is denied in the Idaho suit, such that two suits regarding similar issues are pending in separate districts, this Court will be receptive to reconsidering a motion to transfer this suit based on the factors specified by section 1404(a).

## CONCLUSION

For the above stated reasons, the Court **DENIES** Defendant's motion to dismiss, stay, or transfer the suit based on the "first to file" rule, and **DENIES WITHOUT PREJUDICE** Defendant's motion to transfer the suit to the District of Idaho under 28 U.S.C. 1404(a).

IT IS SO ORDERED.

DATED:  November 21, 2006

*Marilyn L. Huff*
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

| | |
|---|---|
| 1 | COPIES TO:<br>Steven W. Winton |
| 2 | Winton and Larson, LLP<br>11770 Bernardo Plaza Court |
| 3 | Suite 255<br>San Diego, CA 92128 |
| 4 | |
| 5 | Peter W. Ross<br>Browne Woods & George, LLP |
| 6 | 450 North Roxbury Drive, Seventh Floor<br>Beverly Hills, CA 90210-4231 |
| 7 | Gary Freedman |
| 8 | Law Offices of Gary Freedman<br>1149 Third Street, Suite 200<br>Santa Monica, CA 90403 |
| 9 | |
| 10 | Alison Lee Pivonka<br>Solomon Ward Seidenwurm and Smith |
| 11 | 401 B Street<br>Suite 1200<br>San Diego, CA 92101 |
| 12 | |
| 13 | Peter J. Brann<br>Stacy O. Stitham |
| 14 | Brann and Isaacson<br>184 Main Street |
| 15 | PO Box 3070<br>Lewiston, ME 04243-3070 |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |