# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIGHTON COLLECTIBLES, INC., a California corporation,<br><br>            Plaintiff,<br>    vs.<br>COLDWATER CREEK, INC., a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>            Defendants. | CASE NO. 06-CV-1848 H (POR)<br><br>**ORDER RE MOTIONS IN LIMINE** |

On June 2, 2008, the Court held a hearing on the parties' motions in limine. Peter W. Ross, Steven W. Winton and Keith J. Wesley appeared on behalf of Plaintiff. Peter J. Brann and Alison L. Pivonka appeared for Defendant. After considering the briefing by both parties and the arguments presented by counsel at the hearing, the Court summarizes its rulings on the parties' motions in limine as follows:

**Plaintiff's Motions in Limine**

1.      Plaintiff's first motion in limine seeks exclusion of any argument or evidence related to intellectual property infringement allegations and/or lawsuits brought against Plaintiff by parties not involved in this case. (Doc. No. 148.) Defendant opposes the motion. (Doc. No. 163.) Plaintiff filed a reply. (Doc. No. 192.) The Court denies the motion, without prejudice to Plaintiff's ability to object at trial to the admissibility of such evidence.

2. Plaintiff's second motion in limine seeks exclusion of evidence relating to any Brighton product other than those identified by Plaintiff as exhibiting the trade dress asserted by Plaintiff in this case. (Doc. No. 149.) Plaintiff contends that a trade dress plaintiff may define its product line however it chooses, and therefore that evidence of other products is inadmissible under Rules 402 and 403 of the Federal Rules of Evidence. Defendant responds that evidence of other Brighton products is relevant to whether the products identified by Plaintiff as exhibiting the asserted trade dress in fact bear a distinctive trade dress. Defendant also contends that evidence regarding other products made by Plaintiff is relevant to whether Plaintiff's asserted trade dress has "secondary meaning." (Doc. No. 164.) Plaintiff has filed a reply. (Doc. No. 193.)

The Court denies Plaintiff's motion. To establish a protectable trade dress, Plaintiff bears the burden of establishing that the products it asserts against Defendant have acquired "secondary meaning." Wal-Mart v. Samara, 529 U.S. 205, 216 (2000). Secondary meaning exists when, "in the minds of the public, the primary significant of a [trade dress] is to identify the source of the product rather than the product itself." Id. at 211. The Ninth Circuit defines secondary meaning as "the mental association by a substantial segment of consumers and potential consumers between the alleged mark and a single source of the product." Levi Strauss & Co. v. Blue Bell, Inc., 778 F.2d 1352, 1354 (9th Cir. 1985).

"Secondary meaning can be established in many ways, including (but not limited to) direct consumer testimony; survey evidence; exclusivity, manner, and length of use of a [trade dress]; amount and manner of advertising; amount of sales and number of customers; established place in the market; and proof of intentional copying by the defendant." Filipino Yellow Pages, Inc. v. Asian Journal Publications, Inc., 198 F.3d 1143, 1151 (9th Cir. 1999). Advertising activities, however, "must involve 'image advertising,' that is the ads must feature in some way the trade dress itself. Otherwise, even evidence of extensive advertising or other promotional efforts would not necessarily indicate that prospective buyers would associate the trade dress with a particular source." First Brands Corp. v. Fred Meyer, Inc., 809 F.2d 1378, 1383 (9th Cir. 1987).

1    The Court concludes that evidence regarding products other than those Plaintiff has
2 identified as bearing the trade dress at issue is relevant to Plaintiff's "manner of advertising,"
3 which in turn bears relevance to whether Plaintiff's asserted products have acquired secondary
4 meaning. See Filipino Yellow Pages, 198 F.3d at 1151. The Court concludes that, although
5 Plaintiff is free to define whichever products it chooses as bearing the asserted trade dress, so
6 too is Defendant entitled to present evidence related to other Brighton products insofar as that
7 evidence is relevant to whether Plaintiff has advertised its trade dress in a manner that has
8 caused it to achieve secondary meaning and/or whether the products identified by Plaintiff
9 exhibit a distinctive trade dress. Accordingly, the Court denies without prejudice Plaintiff's
10 motion in limine to exclude such evidence. Plaintiff may object at trial to the admissibility of
11 evidence regarding other Brighton products not bearing Plaintiff's asserted trade dress.

12    3.    Plaintiff's third motion in limine requests exclusion of all evidence relating to
13 Brighton's yearly revenues or net worth, pursuant to Rules 402 and 403 of the Federal Rules
14 of Evidence. (Doc. No. 150.) Defendant responds that Brighton's yearly revenues and net
15 worth are factual predicates for any calculation of alleged damage to Plaintiff's goodwill.
16 (Doc. No. 165.) Plaintiff filed a reply. (Doc. No. 194.)

17    The Court concludes that evidence of Brighton's yearly revenues is relevant to
18 Plaintiff's claim for lost goodwill. Accordingly, the Court denies Plaintiff's motion on Rule
19 402 grounds. The Court also declines at this time to exclude the evidence under Rule 403, but
20 Plaintiff may object at trial to the admissibility of this evidence.

21    4.    Defendant does not oppose Plaintiff's fourth motion in limine, regarding
22 evidence of settlement discussions. (Doc. Nos. 151, 167.) The Court therefore grants that
23 motion.

24 **Defendant's Motions in Limine**

25    1.    Defendant's first motion in limine seeks exclusion of evidence relating to or
26 relying on certain e-mails within Coldwater or with Coldwater's vendors. (Doc. No. 138.)
27 Two of the e-mail chains at issue involve Coldwater employees or vendors and use the term
28 "knock off" or similar phrases. Additional e-mail chains, involving Coldwater and one of its

1  vendors, refer to Brighton's products and request that certain hardware be revised to look more
2  "brighton-y." Defendant argues for exclusion on grounds of relevance, hearsay, and undue
3  prejudice or confusion. (Doc. No. 138.) Plaintiff responds that the e-mails are relevant
4  because they demonstrate willful copying by Defendant of Plaintiff's designs, and that they
5  do not constitute hearsay because they are admissions by a party opponent, see Rule 801(d)(2),
6  or because Plaintiff offers the statements for non-hearsay purposes. (Doc. No. 183.)
7  Defendant has filed a reply. (Doc. No. 184.)

8      The Court denies Defendant's motion without prejudice. The Court concludes that the
9  e-mails are relevant to intentional copying by Defendant, and therefore denies Defendant's
10 request for exclusion under Rule 401. The Court declines at this time to exclude the e-mails
11 on hearsay or Rule 403 grounds. Defendant may object at trial to the e-mails' admissibility.

12     2.    Defendant's second motion in limine requests exclusion of two categories of
13 Coldwater products with respect to Plaintiff's trade dress claims: (1) any Coldwater product
14 not identified in Plaintiff's supplemental brief regarding Defendant's motion for summary
15 judgment, see Doc. No. 135, and (2) any product in Coldwater's heart jacquard program sold
16 after 2006, since Defendant contends that products sold after that date carried new hardware
17 that did not feature a heart, which is a central element of Plaintiff's asserted trade dress. (Doc.
18 No. 139.)

19     The Court denies as moot Defendant's motion in limine to exclude evidence of any
20 Coldwater product not identified in Plaintiff's supplemental briefing, because the Court already
21 granted summary judgment in Defendant's favor as to such products. On April 15, 2008,
22 following a hearing on Defendant's motion for summary judgment, the Court directed Plaintiff
23 to submit a supplemental brief "depicting every product made by Defendant that allegedly
24 infringes Plaintiff's trade dress." (See Doc. No. 179.) Plaintiff filed a binder depicting the
25 following thirteen products:

26 ///
27 ///
28 ///

| Product | Plaintiff's Exhibit |
|---|---|
| Coldwater Creek Heart Bag (H90089) | 3 |
| Coldwater Creek Heart Tote (H90071) | 5 |
| Coldwater Creek Heart Organizer & Wallet/Coin Purse (H90115) | 7 |
| Coldwater Creek Heart Organizer (H97877) | 9 |
| Coldwater Creek Half-Circle Clutch (TE9-0120) | 11 |
| Coldwater Creek Leather Bag (H99919) | 13 |
| Coldwater Creek Jacquard Bag (H90662) | 15 |
| Coldwater Creek Jacquard Hobo Bag (JE9-0087) | 17 |
| Coldwater Creek Jacquard Briefcase (VG9-0072) | 19 |
| Coldwater Creek Jacquard Wallet (VG9-0116) | 21 |
| Coldwater Creek Pebbled Hobo Bag (H90804) | 23 |
| Coldwater Creek Savvy Organizer (H90803) | 25 |
| Coldwater Creek Braid Strap Jacquard Bag (H90087) | 27 |

(See Doc. No. 135.) On May 20, 2008, the Court granted summary judgment in Defendant's favor on Plaintiff's trade dress claims for infringement by any Coldwater product not listed in the chart above. (Doc. No. 179.) The Court concluded that, as to additional Coldwater products not depicted in Plaintiff's supplemental brief, Plaintiff failed to come forward with evidence demonstrating the existence of a genuine issue of material fact on each element of Plaintiff's trade dress claims. (Id.) The Court also granted partial summary judgment in Defendant's favor with respect to the Coldwater Heart Organizer (H97877). (Id.) As to that product, the Court concluded that Plaintiff failed to provide evidence demonstrating a genuine issue regarding whether Defendant's product "creates a likelihood of consumer confusion." Clicks Billiards, Inc. v. Sixshooters, Inc., 251 F.3d 1252, 1258 (9th Cir. 2001).

In light of the Court's ruling on Defendant's motion for summary judgment, the Court concludes that Defendant's request to prevent Plaintiff from introducing any evidence on its trade dress claim concerning Coldwater products that were not identified in the chart above is moot. The Court is not persuaded by Plaintiff's argument that, subsequent to the filing of its supplemental brief and several months after the close of discovery, it has identified additional

1  infringing Coldwater products.

2  With respect to Defendant's request for exclusion of any product in Coldwater's heart
3  jacquard program sold after 2006, the Court denies without prejudice Defendant's motion in
4  limine.  Although Defendant contends that its heart jacquard program products sold after that
5  date did not feature a heart, which is a central element of Plaintiff's asserted trade dress, the
6  Court declines at this point to categorically exclude such products.  As discussed above,
7  Plaintiff's trade dress claim already has been narrowed to twelve allegedly infringing
8  Coldwater products.  If one or more of those products were sold after 2006 and therefore lack
9  a silver heart ornament, Defendant may object at trial to the admissibility of such evidence.

10  3.  In its third motion in limine, Defendant requests exclusion of any evidence
11  relating to several witnesses who Plaintiff failed to disclose until after the close of discovery.
12  (Doc. No. 140, see Decl. of Peter J. Brann ISO Def's. Motions in Limine ("Brann Decl.").)
13  Plaintiff has filed a response indicating that, with the exception of Amy Delducco, a former
14  Coldwater employee, Plaintiff does not intend to present the evidence Defendant asks the
15  Court to exclude.  (See Doc. No. 170.)  The Court therefore grants as unopposed Defendant's
16  motion to exclude the deposition testimony of non-party witnesses Stacy Trujillo-Cohn, Seth
17  Cohn and Stephen Charles Duryea, as well as e-mails from those individuals.  As to Amy
18  Delducco, the Court denies Defendant's motion without prejudice to Defendant's ability to
19  object at trial.  The Court would permit Defendant to depose Ms. Delducco if Defendant
20  wishes to do so, and the Court would refer the parties to the magistrate judge regarding any
21  request for cost shifting.

22  4.  Defendant's fourth motion in limine seeks exclusion of a variety of e-mails and
23  other documents.  (Doc. No. 141; see Brann Decl.)  With respect to printouts of various
24  internet pages and search results, the Court grants Defendant's motion.  The Court denies the
25  remainder of Defendant's fourth motion in limine, and Defendant may object at trial to the
26  admissibility of those materials.

27  5.  Similar to Plaintiff's first motion in limine, Defendant's fifth motion in limine
28  seeks exclusion of evidence relating to other lawsuits involving Coldwater but not Brighton.

1  (Doc. No. 142.) The Court denies the motion, without prejudice to Defendant's ability to
2  contemporaneously object at trial to the admissibility of such evidence.

3        6.    Defendant's sixth motion in limine asks the Court to preclude Laura Young, one
4  of Plaintiff's employees, from offering testimony as a so-called percipient expert. (Doc. No.
5  143.)

6        In its second amended expert witness designation, Plaintiff designated Ms. Young, one
7  of Brighton's marketing executives, as a percipient expert witness to offer testimony regarding
8  consumers' perceptions of Brighton's products, likelihood of confusion between Plaintiff's and
9  Defendant's products, and how Brighton's sales, reputation and goodwill are harmed by
10 Defendant's sale of allegedly infringing products. (See Brann Decl., Ex. I.)

11       The Court grants Defendant's motion to exclude Ms. Young's testimony except for
12 testimony as a percipient witness. As the proponent of Ms. Young's expert testimony, Plaintiff
13 bears the burden of establishing its admissibility. See Daubert v. Merrell Dow
14 Pharmaceuticals, Inc., 509 U.S. 579, 591 (1993). Expert testimony must be (1) "based on
15 sufficient facts or data," (2) "the product of reliable principles and methods," and (3) applied
16 "reliably" to the facts of the case. See Fed. R. Evid. 702. The Court concludes that Plaintiff
17 fails to establish that Ms. Young is qualified to testify as an expert on topics such as
18 consumers' perceptions of Brighton's products and the likelihood of confusion between
19 Plaintiff's and Defendant's products. Ms. Young may possess many years' experience as
20 Brighton's president of marketing, but Plaintiff fails to establish that Ms. Young has
21 "knowledge, skill, experience, training, or education" sufficient to qualify her to offer expert
22 testimony regarding consumer perception or the likelihood of confusion between Plaintiff's
23 and Defendant's products. Defendant points out that, although Ms. Young testified that
24 consumer confusion "happens with knockoffs," she could not recall a specific instance relating
25 to Coldwater. (See Brann Decl., Ex. J at 194:22-195:13.) The Court also concludes that
26 Plaintiff fails to establish Ms. Young's qualification to offer opinion testimony regarding how
27 Defendant's sale of allegedly infringing products has impacted Plaintiff's goodwill and
28 reputation. Accordingly, the Court grants Defendant's motion to exclude the expert opinion

1  testimony of Laura Young, but will permit her to testify as a percipient witness.

2        7.    Defendant's seventh motion in limine seeks exclusion, pursuant to Rule 702 of the Federal Rules of Evidence and <u>Daubert</u>, of the proposed expert testimony of Dr. Carol Scott. (Doc. No. 144; <u>see</u> Brann Decl.; Decl. of Philip Johnson ISO Def's. Motions in Limine ("Johnson Decl.").)  Dr. Scott, a professor of marketing at the Anderson Graduate School of Management of the University of California, Los Angeles, conducted a survey measuring the likelihood of confusion between a particular Coldwater handbag and four Brighton handbags that display Plaintiff's asserted trade dress. Additionally, Plaintiff seeks to admit expert testimony by Dr. Scott regarding the general value of brands and the consequences to brands from counterfeits and imitations. Plaintiff opposes the motion. (Doc. No. 173.) Defendant has filed a reply. (Doc. No. 190.)

      To be admissible, expert testimony must be (1) "based on sufficient facts or data," (2) "the product of reliable principles and methods," and (3) applied "reliably" to the facts of the case. <u>See</u> Fed. R. Evid. 702; <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579, 591 (1993). Although Defendant and its experts criticize several perceived flaws in Dr. Scott's methodology and conclusion, the Court concludes that Plaintiff has met its burden to demonstrate that Dr. Scott's proposed testimony constitutes admissible expert testimony under the law. The Court denies Defendant's motion in limine, without prejudice to Defendant's ability to object at trial to Dr. Scott's testimony and to argue to the jury regarding the appropriate weight to be given to Dr. Scott's conclusions.

      8.    Defendant's eighth motion in limine seeks a ruling prohibiting Plaintiff from seeking statutory damages and attorneys' fees for any demonstrated infringement of Plaintiff's Brighton scroll copyright. (Doc. No. 145.) Plaintiff filed a response stating that it does not intend to seek statutory damages or attorneys' fees based upon Plaintiff's claim for infringement of the Brighton scroll copyright. (Doc. No. 174.) Additionally, on May 21, 2008, the Court granted summary judgment in Defendant's favor on Plaintiff's copyright claim as to the Brighton scroll. (Doc. No. 179.) Accordingly, the Court denies as moot Defendant's eighth motion in limine.

9. Defendant's final motion in limine requests exclusion of the proposed expert testimony of Dr. Robert Wunderlich. (Doc. No. 146.) Plaintiff seeks to admit Dr. Wunderlich's testimony regarding the amount of lost profits and goodwill that Plaintiff suffered as a result of Defendant's alleged infringement of Plaintiff's trade dress. Dr. Wunderlich based his calculations on the assumption that Plaintiff lost one customer transaction for each sale by Defendant. An expert retained by Plaintiff in other litigation opined that Plaintiff lost one transaction per sale by Defendant of an allegedly infringing product. In this case, Plaintiff does not seek to admit that expert opinion, only Dr. Wunderlich's damages calculations.

The Court denies this motion in limine by Defendant without prejudice. Subject to contemporaneous objection at trial, the Court will permit Plaintiff to present Dr. Wunderlich's testimony regarding the amount of Plaintiff's damages assuming that Plaintiff lost one transaction per item sold by Defendant if Plaintiff offers evidence of Defendant's sales of the allegedly infringing items. The parties may argue to the jury the issue of what represents a proper method of calculating Plaintiff's damages.

IT IS SO ORDERED.

DATED: June 2, 2008

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

CC: Magistrate Judge Louisa S. Porter