WINTON & LARSON, LLP
Steven W. Winton (State Bar No. 114425)
  swwinton@wintonlarson.com
11770 Bernardo Plaza Court, Suite 255
San Diego, CA 92128
Tel. (858) 385-0040 / Fax (858) 385-0050

DREIER STEIN KAHAN BROWNE
  WOODS GEORGE LLP
Peter W. Ross (State Bar No. 109741)
  pross@dskbwg.com
Keith J. Wesley (State Bar No. 229276)
  kwesley@dskbwg.com
Fox Plaza
2121 Avenue of the Stars, 24th Floor
Los Angeles, CA 90067
Tel. (310) 274-7100 / Fax (310) 275-5697

LAW OFFICES OF GARY FREEDMAN
Gary Freedman (State Bar No. 49922)
  goromans@aol.com
1149 Third Street, Suite 200
Santa Monica, CA 90403
Tel. (310) 576-2444 / Fax (310) 576-2440

Attorneys for Plaintiff
BRIGHTON COLLECTIBLES, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIGHTON COLLECTIBLES, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>COLDWATER CREEK INC., a Delaware corporation; and Does 1 through 10, inclusive,<br><br>Defendant. | Case No. 06 CV 1848 H POR<br><br>**DECLARATION OF PETER W. ROSS IN SUPPORT OF (1) BRIGHTON'S MOTION FOR ATTORNEYS' FEES, ENHANCED DAMAGES AND PREJUDGMENT INTEREST AND (2) BRIGHTON'S MOTION FOR A PERMANENT INJUNCTION**<br><br>DATE: January 16, 2009<br>TIME:  10:30 a.m.<br>LOCATION:  Courtroom 13<br><br>Before the Honorable Marilyn L. Huff |

212300_1.DOC                                          -1-

DECLARATION OF PETER W. ROSS IN SUPPORT OF BRIGHTON'S MOTION FOR ATTORNEYS' FEES, ENHANCED DAMAGES AND PREJUDGMENT INTEREST AND MOTION FOR PERMANENT INJUNCTION

## DECLARATION OF PETER W. ROSS

I, Peter W. Ross, declare:

1. I am a partner in the law firm of Dreier Stein Kahan Browne Woods George LLP, counsel of record for plaintiff Brighton Collectibles, Inc. ("Brighton") in the above-entitled action. I have firsthand, personal knowledge of the facts set forth below and if called as a witness could competently testify thereto.

2. I have been the lead litigation attorney for Brighton on this matter since the inception of this case. I personally oversaw all aspects of the case including billing. I was the lead attorney for Brighton at trial.

3. Appended hereto as Exhibits 94, 97, 102, 103, 240, 246, 249, 250, 254, 255, 269, 270, 271, 305, 326, 333-336, 424, 429, 430 and 434 are true and correct copies of the trial exhibits bearing those same numbers. All of the aforementioned exhibits were admitted into evidence at the trial in this matter, except for Exhibit 246, which was shown to the jury as a demonstrative but not formally admitted into evidence.

4. Appended hereto as Exhibit A is a true and correct copy of the November 21, 2008 jury verdict in this action.

5. Appended hereto as Exhibit B are true and correct copies of excerpts from the official transcript of the trial in this matter. The excerpts consist of relevant portions of the November 14, 2008 trial testimony of Linda Gonzalez-Barrett, who was Coldwater's Senior Product Developer for Jewelry and Accessories when the infringing products were being developed and sold by Coldwater.

6. Appended hereto as Exhibit C are true and correct copies of excerpts from the official transcript of the trial in this matter. The excerpts consist of relevant portions of the November 13, 2008 trial testimony of Karen Reed, who is an employee of one of Coldwater's vendors, Excel Handbags, and was involved in the design and development of the infringing products.

7. Appended hereto as Exhibit D are true and correct copies of excerpts from the official transcript of the trial in this matter. The excerpts consist of relevant portions of the November 19, 2008 trial testimony (by deposition) of Rebecca Ermini, who was Coldwater's Senior Product Developer for Footwear when the infringing products were being developed and sold by Coldwater.

8. Appended hereto as Exhibit E are true and correct copies of excerpts from the official transcript of the trial in this matter. The excerpts consist of relevant portions of the November 18, 2008 trial testimony of Georgia Shonk-Simmons, who is Coldwater's Chief Merchandising Officer.

9. Appended hereto as Exhibit F are true and correct copies of excerpts from the official transcript of the trial in this matter. The excerpts consist of relevant portions of the November 14, 2008 trial testimony of Amy Delducco, who is a former buyer of jewelry and accessories for Coldwater.

10. Appended hereto as Exhibit G are true and correct copies of excerpts from the official transcript of the trial in this matter. The excerpts consist of relevant portions of the November 13, 2008 trial testimony of Neal Decker, who is a handbag designer in New York City.

11. Appended hereto as Exhibit H are true and correct copies of excerpts from the official transcript of the trial in this matter. The excerpts consist of relevant portions of the November 18, 2008 trial testimony of Carol Scott, who was retained by Brighton as an expert in this matter.

12. Appended hereto as Exhibit I are true and correct copies of excerpts from the official transcript of the trial in this matter. The excerpts consist of relevant portions of the November 19, 2008 trial testimony of Ellen Goldstein-Lynch, who was retained by Coldwater as an expert in this matter.

13. Appended hereto as Exhibit J is a true and correct copy of the August 23, 2006 cease-and-desist letter that I sent to Coldwater.

1    14.    Appended hereto as Exhibit K is a true and correct copy of the August 31, 2006 response letter I received from counsel for Coldwater.

15.    Appended hereto as Exhibit L is a true and correct copy of a September 4, 2006 email I sent to counsel for Coldwater confirming Coldwater's extension to respond to the August 23 cease-and-desist letter.

16.    Appended hereto as Exhibit M is a true and correct copy of the July 27, 2007 Memorandum Order dismissing *Coldwater Creek, Inc. v. Brighton Collectibles, Inc.*, District of Idaho Case No. CV06-355-N-EJL.

17.    In Brighton's First Request for Production of Documents, Brighton demanded that Coldwater produce all documents that mention Brighton. On May 15, 2007, Coldwater responded by asserting that it would produce all relevant documents. However, Coldwater did not produce any email correspondence that mentioned Brighton. Over six months later, Coldwater had still failed to produce any email correspondence that mentioned Brighton, yet Coldwater assured Brighton that all documents requested in Brighton's initial document requests had been produced. In January 2008, Brighton took the depositions of Coldwater's relevant employees. At the time of the depositions, Coldwater had still not produced any email correspondence mentioning Brighton.

18.    On February 11, 2008, Brighton served a subpoena on Coldwater's vendor, Excel Handbags. Brighton requested that Excel produce all documents that referred to Brighton by February 25. On February 20 (two days after the discovery cutoff), Brighton received two banker's boxes of documents from Coldwater. Most of the documents were pictures of products and related design documents. At the back of the production was a small stack of emails. The stack included critical emails that had never before been produced or identified, including, for example, trial exhibits 246, 249, 250, 254, 269, 270, 271 and 305.

19.    During the course of this action, Plaintiff has been represented by three law firms: (1) Dreier Stein Kahan Browne Woods George LLP ("DSKBWG"); (2)

212300_1.DOC                                    -4-

1  Winton & Larson, LLP; and (3) the Law Offices of Gary Freedman. Prior to
2  January 1, 2008, the DSKBWG attorneys worked for one of the predecessors to
3  DSKBWG, Browne, Woods & George LLP. For purposes of this declaration,
4  Browne, Woods & George and DSKBWG are both encompassed within the
5  heading of DSKBWG. In addition, Plaintiff was represented by Brad Frazer in the
6  action that Coldwater filed against Brighton in the District of Idaho. During the
7  relevant time period, Mr. Frazer was initially affiliated with Technology Law
8  Group and subsequently affiliated with Hawley Troxell Ennis & Hawley.

9  20.  I am in possession of detailed billing statements from each of the law
10 firms that represented Plaintiff. True and correct copies of these statements are
11 appended hereto as Exhibit N. The statements reveal the date, hours, and nature of
12 the work performed by Plaintiff's attorneys. Each statement also shows the rate at
13 which each attorney or paralegal billed for the relevant time period. It is my
14 understanding that Mr. Frazer's former firm, Technology Law Group, is currently in
15 the process of attempting to retrieve from storage additional invoices related to Mr.
16 Frazer's work on the Idaho action. Therefore, the bills related to Mr. Frazer in
17 Exhibit N only include a portion of Mr. Frazer's work on the Idaho action.

18 21.  Following the jury's verdict in this matter, DSKBWG undertook a
19 review of all of the bills from Brighton's counsel in this matter. I supervised that
20 review. Set forth below is a summary of the hours worked by each firm, the
21 average billing rate, and the total fees billed relating to this case. Any hours
22 inadvertently billed to this case but that related to another case were deducted from
23 the totals set forth below.

| Firm | Hours Worked | Average Rate | Fees Billed |
|---|---|---|---|
| DSKBWG | 3042.50 | $376/hour | $1,146,761.25 |
| Winton & Larson | 141.75 | $261/hour | $36,998.00 |
| Freedman | 132.70 | $297/hour | $39,369.50 |

| Brad Frazer | 49.10 | $250/hour | $12,275.00 |
|---|---|---|---|
| TOTALS | 3,366 | | $1,235,403.75 |

22.     The billing rate for DSKBWG attorneys ranged from $300 to $550 per hour, depending on the individual attorney's experience. I was the only attorney to charge $550 per hour. I graduated from Stanford Law School in 1983. I have been practicing commercial litigation for 25 years. I have tried in excess of 55 cases, including many involving intellectual property matters. DSKBWG also billed paralegal time at a rate of $135 to $175 per hour.

23.     The Law Offices of Gary Freedman acted as outside, general counsel for Brighton. Mr. Freedman's attorney time was billed at a rate of $625 per hour. Mr. Freedman is a 1971 graduate of the UCLA School of Law and has over 35 years of litigation experience in state and federal courts. The Law Offices of Gary Freedman paralegal time was billed at $210 per hour.

24.     Winton & Larson, LLP acted as local counsel for Brighton. The billing rate for Winton & Larson attorneys ranged from $125 to $375 per hour, depending on the individual attorney's experience. Winton & Larson also billed paralegal time at a rate of $90 per hour.

25.     Brad Frazer acted as Brighton's counsel in the Idaho action. The billing rate for Mr. Frazer was $250 per hour.

///
///
///
///
///
///
///

26. In my experience, each of the rates charged by Brighton's attorneys is consistent with prevailing rates in Southern California and constitute reasonable rates for individuals with the skill and experience of Brighton's attorneys.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 19th day of December, 2008 at Los Angeles, California.

/s/ Peter W. Ross
Peter W. Ross

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 2121 Avenue of the Stars, 24th Fl., Los Angeles, CA 90067.

On December 19, 2008, I served the foregoing document described as: **DECLARATION OF PETER W. ROSS IN SUPPORT OF (1) BRIGHTON'S MOTION FOR ATTORNEYS' FEES, ENHANCED DAMAGES AND PREJUDGMENT INTEREST AND (2) BRIGHTON'S MOTION FOR A PERMANENT INJUNCTION** on the parties in this action by serving:

SEE THE ATTACHED SERVICE LIST

[ ]   **By Envelope** - by placing [ ] the original [ ] a true copy thereof enclosed in sealed envelopes addressed as above and delivering such envelopes:

[ ]   **By Mail**: As follows: I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]   **By Personal Service**: I delivered such envelope by hand to the offices of the addressee(s).

[ ]   **By Federal Express**: I caused the envelope(s) to be delivered to the Federal Express box at 2121 Avenue of the Stars, California 90067, on _____, for delivery on the next-business-day basis to the offices of the addressee(s).

[ ]   **By Facsimile Transmission**: On _____ at _____ .m., I caused the above-named document to be transmitted by facsimile transmission, from fax number 310-275-5697, to the offices of the addressee(s) at the facsimile number(s) so indicated above. The transmission was reported as complete and without error. A copy of the transmission report properly issued by the transmitting facsimile machine is attached hereto.

[X]   **By E-Mail Electronic Transmission**: Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the person(s) at the e-mail address(es) so indicated above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

Executed on December 19, 2008, at Los Angeles, California.

[X]   FEDERAL   I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____
G. Diane Torosyan

212300_1.DOC                                                -8-

DECLARATION OF PETER W. ROSS IN SUPPORT OF BRIGHTON'S MOTION FOR ATTORNEYS' FEES, ENHANCED DAMAGES AND PREJUDGMENT INTEREST AND MOTION FOR PERMANENT INJUNCTION

# SERVICE LIST

*Brighton Collectibles, Inc. v. Coldwater Creek, Inc.*
USDC Southern District, Case No. 06-CV-1848-H (LSP)

| | |
|---|---|
| Alison L. Pivonka<br>apivonka@swsslaw.com<br>SOLOMON WARD SEIDENWURM<br>  & SMITH LLP<br>401 "B" Street, Suite 1200<br>San Diego, CA 92101<br>Telephone: (619) 231-0303<br>Facsimile: (619) 231-4755 | Co-Counsel for Defendant<br>Coldwater Creek, Inc. |
| Peter J. Brann<br>pbrann@brannlaw.com<br>Stacy O. Stitham<br>sstitham@brannlaw.com<br>BRANN & ISAACSON<br>184 Main Street<br>P.O. Box 3070<br>Lewiston, ME 04243-3070<br>Telephone: (207) 786-3566<br>Facsimile: (207) 783-9325 | Co-Counsel for Defendant<br>Coldwater Creek, Inc. |
| Steven W. Winton<br>swwinton@wintonlarson.com<br>WINTON & LARSON, LLP<br>11770 Bernardo Plaza Court, Suite 255<br>San Diego, CA 92128<br>Tel:. (858) 385-0040<br>Fax: (858) 385-0050 | Co-Counsel for Plaintiff<br>Brighton Collectibles, Inc. |
| Gary Freedman<br>goromans@aol.com<br>LAW OFFICES OF GARY FREEDMAN<br>1149 Third Street, Suite 200<br>Santa Monica, CA 90403<br>Tel.: (310) 576-2444<br>Fax: (310) 576-2440 | Co-Counsel for Plaintiff<br>Brighton Collectibles, Inc. |

212300_1.DOC

-9-

DECLARATION OF PETER W. ROSS IN SUPPORT OF BRIGHTON'S MOTION FOR ATTORNEYS' FEES, ENHANCED DAMAGES AND PREJUDGMENT INTEREST AND MOTION FOR PERMANENT INJUNCTION