1
2
3
4
5
6
7
8            **UNITED STATES DISTRICT COURT**
9            **SOUTHERN DISTRICT OF CALIFORNIA**
10

| | |
|---|---|
| 11  BRIGHTON COLLECTIBLES, INC., | **CASE NO. 06-CV-01848-H (POR)** |
| 12                            Plaintiff, | **ORDER:** |
| 13 | **(1) GRANTING PLAINTIFF'S MOTION FOR ATTORNEYS FEES,** |
| 14    vs. | |
| 15 | **(2) DENYING PLAINTIFF'S MOTION FOR PREJUDGMENT INTEREST,** |
| 16 | |
| 17  COLDWATER CREEK INC., | **(3) DENYING PLAINTIFF'S MOTION FOR ENHANCED DAMAGES, &** |
| 18                          Defendant. | |
| 19 | **(4) DENYING DEFENDANT'S MOTION FOR ATTORNEYS' FEES** |
| 20 | |

21      On December 19, 2008, Plaintiff Brighton Collectibles, Inc. ("Brighton") filed a motion

22  for attorneys' fees, enhanced damages under the Lanham Act, and prejudgment interest. (Doc.

23  Nos. 279, 281.)  On the same day, Defendant Coldwater Creek Inc. ("Coldwater") filed a

24  motion for attorneys' fees.  (Doc. Nos. 275, 278.)  On January 6, 2009, the parties filed

25  responses in opposition to the cross motions.  (Doc. Nos. 290-91, 294.)  On January 13, 2009,

26  the parties filed their replies.  (Doc. Nos. 298–99; 300, 302.)  The Court held a hearing on the

27  motions on January 16, 2009.  Peter Ross and Steven Winton appeared on behalf of Brighton.

28  Peter Brann and Alison Pivonka appeared on behalf of Coldwater.

After due consideration, the Court grants Plaintiff's motion for attorneys' fees, denies Plaintiff's motion for enhanced damages, denies Plaintiff's motion for prejudgment interest, and denies Defendant's motion for attorneys' fees.

### **Background**

Plaintiff Brighton, a designer, manufacturer and retailer of women's fashion accessories, brought suit against Defendant Coldwater, a retailer of products including women's fashion accessories. Plaintiff Brighton alleged copyright infringement of Brighton's "Carolina" and "Brighton Scroll" copyrights, trade dress infringement, false designation of origin, common law unfair competition, and statutory unfair competition. (See Doc. No. 30.) Brighton's claims against Coldwater stemmed from sales of women's handbags and luggage from 2005 to 2007.

On May 20, 2008, the Court granted Coldwater's motion for summary judgment on Plaintiff's copyright claim for infringement of the Brighton scroll. (Doc. No. 179 at p.7.) On November 21, 2008, a jury returned a special verdict in favor of Brighton, finding Coldwater willfully committed trade dress infringement, false designation of origin, and copyright infringement of the "Carolina" copyright and engaged in unfair competition with malice, fraud, or oppression. (Doc. No. 264.) The jury awarded actual damages of $5,893,000 ($2,652,000 for trade dress infringement, false designation of origin or unfair competition and $3,241,000 for copyright infringement) and wrongful profits of $1,499,000 ($675,000 for trade dress infringement, false designation of origin or unfair competition and $824,000 for copyright infringement) against Coldwater. (Id.)

Brighton claims to be the prevailing party under the Copyright Act and the Lanham Act and seeks attorneys' fees of $1,235,404, enhanced damages under the Lanham Act, and prejudgment interest. (Doc. No. 279.)[1] Coldwater claims to be the prevailing party on Brighton's "Brighton Scroll" copyright claim and seeks attorneys' fees of $99,751.74 and costs of $4,166.28. (Doc. No. 275 at p.1.)

---

[1]Brighton also seeks a permanent injunction against Coldwater (Doc. No. 280), which the Court addresses in a separate order.

**<u>Discussion</u>**

Under Federal Rule of Civil Procedure 54, a party may move for attorney fees, unless the substantive law requires those fees to be proved at trial as an element of damages.  FED. R. CIV. P. 54(d)(2)(A).   Brighton asserts that it is entitled to attorneys' fees as the prevailing party under the Copyright Act and the Lanham Act, as the jury found Coldwater willfully infringed Brighton's "Carolina" copyright and willfully committed trade dress infringement and false designation of origin.  (Doc. No. 279 at p.1.)  Coldwater asserts that it is entitled to attorneys' fees and costs as the prevailing party under the Copyright Act based on the Court's dismissal of Brighton's "Brighton Scroll" copyright claim at summary judgment.  (Doc. No. 275 at p.1.)

**1.  Lanham Act**

The Lanham Act provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party."  15 U.S.C. §1117(a).  "[A] case is exceptional within the meaning of 15 U.S.C. § 1117(a) where the infringement is willful, deliberate, knowing or malicious."  <u>Earthquake Sound Corp. v. Bumper Indus.</u>, 352 F.3d 1210, 1216 (9th Cir. 2003); <u>see also</u> <u>Derek Andrew, Inc. v. Poof Apparel Corp.</u>, 528 F.3d 696, 702 (9th Cir. 2008) (upholding grant of attorneys' fees under Lanham Act based on default judgment where plaintiff pled willful infringement); <u>Rio Properties, Inc. v. Rio Int'l Interlink</u>, 284 F.3d 1007, 1023 (9th Cir. 2002) ("While the term 'exceptional' is not defined in the statute, attorneys' fees are available in infringement cases where the acts of infringement can be characterized as malicious, fraudulent, deliberate, or willful."(citation omitted)).

Plaintiff Brighton is the prevailing party under the Lanham Act, as the jury found Coldwater willfully committed trade dress infringement and false designation of origin.  (Doc. No. 264.)  The Court finds this case exceptional based on the total record of this case, including the jury's finding of willfulness.  <u>See</u> <u>Earthquake Sound</u>, 352 F.3d at 1216 (explaining cases defendant cited for proposition that willful infringement does not per se show exceptionality are "either distinguishable or do not reflect the law of this circuit").  During trial, Brighton presented substantial evidence of Coldwater's intentional infringing conduct,

1   such as emails between employees and designers concerning how to make Coldwater's

2   products more "Brightony."  (See, e.g., Doc. No. 281, Trial Ex. 250.)  The jury agreed with

3   Brighton's case and found Coldwater willfully infringed Brighton's asserted trade dress and

4   engaged in common law unfair competition with malice, fraud or oppression. (Doc. No. 264.)

5   As a result, the jury awarded Brighton $2,652,000 in actual damages and  $675,000 in

6   wrongful profits.  (Id.)

7        Defendant asserts that this is not an exceptional case because Plaintiff's trade dress

8   definition was amorphous and the issues of infringement and willfulness were closely

9   contested. (Doc. No. 290 at pp.12–13.)  The Court disagrees and concludes that an award of

10  attorneys' fees under the Lanham Act is appropriate in this exceptional case.  Accordingly, the

11  Court grants Plaintiff's motion for attorneys' fees under the Lanham Act.

12  **2. Copyright Act**

13       Under the Copyright Act, "the court in its discretion may allow the recovery of full

14  costs by or against any party other than the United States or an officer thereof. Except as

15  otherwise provided by this title, the court may also award a reasonable attorney's fee to the

16  prevailing party as part of the costs."  17 U.S.C. §505.  "In copyright infringement cases,

17  generally, the prevailing party is the one who succeeds on a significant issue in the litigation

18  that achieves some of the benefits the party sought in bringing suit."  Thoroughbred Software

19  Int'l, Inc. v. Dice Corp., 488 F.3d 352, 362 (6th Cir. 2007);  Wall Data Inc. v. Los Angeles

20  County Sheriff's Dept., 447 F.3d 769, 787 (9th Cir. 2006).

21       Prevailing parties are to be awarded attorneys' fees in copyright cases "only as a matter

22  of the court's discretion."   Fantasy, Inc. v. Fogerty, 94 F.3d 553, 557 (9th Cir. 1996)

23  (discussing the Supreme Court's holding in Fogerty v. Fantasy, Inc., 510 U.S. 517, 534 (1994),

24  rejecting the dual standard "whereby prevailing plaintiffs were generally awarded attorney's

25  fees as a matter of course").  In deciding whether to award attorneys' fees to the prevailing

26  party, a district court may consider the following nonexclusive factors: "(1) the degree of

27  success obtained, (2) frivolousness, (3) motivation, (4) objective unreasonableness (legal and

28  factual), and (5) the need to advance considerations of compensation and deterrence."  Smith

v. Jackson, 84 F.3d 1213, 1221 (9th Cir. 1996) (citations omitted); see also Fantasy, 94 F.3d at 558.  Although a finding of willfulness is not a prerequisite to a fee award under the Copyright Act, "willful infringement is an important factor favoring an award of fees . . . ." Historical Research v. Cabral, 80 F.3d 377, 379 (9th Cir. 1996).

Each party claims to be the prevailing party for purposes of the Copyright Act. Brighton contends that it is the prevailing party because the jury found that Coldwater willfully infringed its "Carolina" copyright and awarded actual damages of $3,241,000 and wrongful profits of $824,000 stemming from the infringement.  Coldwater claims that it is the prevailing party under the Copyright Act because Brighton's claim for infringement of its "Brighton Scroll" copyright was dismissed on summary judgment.

The Court concludes that Plaintiff Brighton is the prevailing party for purposes of the Copyright Act.  Brighton succeeded on its claim for willful infringement of its "Carolina" copyright and was awarded significant damages. In light of the special verdict in favor of Brighton, the dismissal of one of its copyright claims does not prevent it from being deemed the overall prevailing party under the Copyright Act.  See Wall Data, 447 F.3d 769; Thoroughbred, 488 F.3d 352.

The Court grants Plaintiff Brighton's motion for attorneys' fees under the Copyright Act and denies Defendant Coldwater's motion for attorneys' fees under the Copyright Act.  After considering the factors listed in Smith, the Court in its discretion, concludes that an award of attorneys' fees to Brighton as the prevailing party under the Copyright Act is appropriate.  See Smith, 84 F.3d at 1221.  Brighton obtained a high degree of success on its copyright infringement claim, as the jury found Coldwater willfully infringed Brighton's "Carolina" copyright and awarded substantial damages.   A fee award in this case of willful infringement furthers the goal of the Copyright Act to serve "the purpose of encouraging private enforcement and deterring infringements." Frank Music Corp. v. Metro-Goldwyn-Mayer Inc., 886 F.2d 1545, 1556 (9th Cir. 1989).   The Court concludes that Brighton is entitled to a reasonable award of its attorneys' fees under the Copyright Act.  Brighton's copyright claims arose from a common core of facts, the evidence on infringement overlapped, and the claims

were based on the same governing law, and therefore no apportionment or allocation is required.  See Creative Computing v. Getloaded.com, LLC, 386 F.3d 930, 937 (9th Cir. 2004) ("Allocation is not required where there is a 'common core of facts' that requires substantially the same expense on prevailing and unsuccessful claims." (citation omitted)).

**3.  Calculation of the Attorneys' Fees Award**

The calculation of a reasonable fee award is a two-step process.  "To determine what fee should be awarded, the court must first determine the 'lodestar,' which is the number of hours reasonably expended on litigation multiplied by a reasonable rate."  United Steelworkers of Am. v. Phelps Dodge Corp., 896 F.2d 403, 406 (9th Cir. 1990).  Taken into account in either the reasonable hours component or the reasonable rate component of the lodestar calculation are: "(1) the novelty and complexity of the issues; (2) the special skill and experience of counsel; (3) the quality of representation; (4) the results obtained; and (5) the contingent nature of the fee agreement."  Morales v. City of San Rafael, 96 F.3d 359, 364 (9th Cir.1996).  During the second step the district court, in its equitable discretion, adjusts this amount "on the basis of other considerations."  Lytle v. Carl, 382 F.3d 978, 988 (9th Cir.2004).

The Court grants Plaintiff's motion for attorneys' fees, as Brighton is entitled to fees under the Lanham Act and the Copyright Act.   Brighton requests fees for 3,366 hours of work performed and has submitted detailed billing statements of those hours, reducing the number of hours for entries that related to another matter.  (Doc. No. 281, Ross Decl. ¶¶19–25, Ex. N.)  Once the applicants submit evidence of the appropriate hours spent on litigation, "the party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged." Gates v. Deukmejian, 987 F.2d 1392, 1397 (9th Cir.1992). Coldwater objects to the hours requested by Brighton based on failure to apportion between claims, block billing, overstaffing, overlitigating, billing judgment, and clerical tasks.  (Doc. No. 290 at pp.13–16.)  As part of its opposition, Coldwater has submitted two charts listing Brighton's billing entries to which Coldwater takes exception, with no other evidence

1  challenging the accuracy or the reasonableness.  (Doc. No. 291, Charts 1 & 2.)  After a

2  review of the parties' submissions, the Court concludes that Brighton's requested hours are

3  reasonable, as this litigation spans more than two years,  includes a jury trial, and Brighton

4  obtained excellent results.  See Fischer v. SJB-P.D. Inc., 214 F.3d 1115, 1121 (9th Cir.

5  2000).  No apportionment is required as the Court grants Brighton's motion for attorneys'

6  fees on its Lanham Act claim, on its "Carolina" copyright claim, and its related "Brighton

7  Scroll" copyright claim.  See Creative Computing, 386 F.3d at 937.

8        Brighton requests fees at hourly rates ranging from $90 to $210 per hour for

9  paralegal work and $125 to $625 per hour for attorney work.  (Doc. No. 281, Ross Decl. &

10  Ex. N.)  Brighton's highest rates are $550 per hour for the lead attorney's work, who has 25

11  years of experience and has tried 55 cases, and $625 for outside, general counsel's work,

12  who has 35 years of litigation experience.  (Id.)    The average rate for the claimed hours is

13  $367 per hour.  (Id.)  "The prevailing market rate is indicative of a reasonable hourly rate."

14  Jordan v. Multnomah County, 815 F.2d 1258, 1262 (9th Cir. 1987).  "Affidavits of the

15  plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate

16  determinations in other cases, particularly those setting a rate for the plaintiffs' attorney,

17  are satisfactory evidence of the prevailing market rate**."**  United Steelworkers, 896 F.2d at

18  407.  Plaintiff's attorney submitted an affidavit concerning the rates claimed in this case

19  and avered that these were consistent with prevailing rates in Southern California.  (Doc.

20  No. 281, Ross Decl. ¶¶22–26.)  In addition, Plaintiff cited other cases from this district

21  finding rates over $500 reasonable for experienced counsel handling complex litigation.

22  See Moore v. Bank of Am., N.A. (USA), 2008 WL 688851, at *3 (S.D. Cal. Jan. 7, 2008);

23  Eldorado Stone LLC v. Renaissane Stone, 2007 WL 3308099, at * 4 (S.D. Cal. Oct. 24,

24  2007).  Defendant opposes Plaintiff's rates and argues that the rate should be $268 per

25  hour, the rate requested by Defendant in its motion for attorneys' fees.  (Doc. No. 290 at

26  p.17.)  The Court concludes that Plaintiff's requested rates, with an average rate of $367,

27  are reasonable in light of the experience and skill of counsel, the quality of representation

28  provided by counsel, and the excellent results obtained for the client.

1    Second, the court must decide whether to enhance or reduce the lodestar figure

2    based on an evaluation of the <u>Kerr</u> factors that are not already subsumed in the initial

3    lodestar calculation.  <u>Fischer</u>, 214 F.3d at 1119; <u>see also Van Gerwen v. Guarantee Mut.</u>

4    <u>Life Co.</u>, 214 F.3d 1041, 1045 & n.2 (9th Cir. 2000) (discussing factors courts consider in

5    making discretionary upward or downward departures).  "A 'strong presumption' exists

6    that the lodestar figure represents a 'reasonable fee,' and therefore, it should only be

7    enhanced or reduced in 'rare and exceptional cases.'  <u>Id.</u> at n.4 (quoting <u>Pennsylvania v.</u>

8    <u>Delaware Valley Citizens' Council for Clean Air</u>, 478 U.S. 546, 565 (1986) (internal

9    quotations omitted)).  The Court concludes that the loadstar figure represents a reasonable

10   fee in this case and should not be enhanced or reduced based on the <u>Kerr</u> factors.

11   Plaintiff's request for fees is granted in the amount of $1,235,404.

12   **4. Prejudgment Interest**

13   Plaintiff also requests an award of prejudgment interest on the jury's award of actual

14   damages and wrongful profits.  (Doc. No. 279 at p.22.)  "Prejudgment interest is available

15   under the Copyright Act" in the discretion of the district court.  <u>Polar Bear Productions,</u>

16   <u>Inc. v. Timex Corp.</u>, 384 F.3d 700, 716 & n.12 (9th Cir. 2004).   Prejudgment interest is not

17   available to Plaintiff under the Lanham Act, as this case was not a counterfeit trademark

18   case brought under 15 U.S.C. §1114(1)(a). <u>See</u> 15 U.S.C. §1117(b) (authorizing award of

19   prejudgment interest in case involving use of a counterfeit mark or designation).

20   After considering the entire record, the Court denies Plaintiff Brighton's motion for

21   prejudgment interest.  Brighton is not entitled to prejudgment interest on its Lanham Act

22   damages, as it brought suit under 15 U.S.C. §1125(a) for trade dress infringement and false

23   designation of origin. (<u>See</u> Doc. No. 30 ¶¶ 29–45.)   As to Brighton's copyright claims, the

24   Court exercises its discretion to deny an award of prejudgment interest, as the Court

25   concludes that the jury award adequately compensates Brighton for the damages in this

26   case.  Coldwater's decision to fully litigate its infringement of the "Carolina" copyright was

27   not needless delay, as there were legitimate disputes over infringement of the "Carolina"

28   copyright.

**5. Enhanced Damages under the Lanham Act**

"Section 35 of the Lanham Act gives the trial judge discretion to increase the award of actual damages, not to exceed three times that amount, according to the circumstances of the case." Playboy Enter., Inc. v. Baccarat Clothing Co., Inc., 692 F.2d 1272, 12756 (9th Cir. 1982); 15 U.S.C. §1117(a) ("In assessing damages the court may enter judgment, according to the circumstances of the case, for any sum above the amount found as actual damages, not exceeding three times such amount.") Brighton argues that the jury's award of actual damages under the Lanham Act should be trebled or doubled based on Coldwater's willful infringement of Brighton's trade dress and to deter Coldwater from engaging in similar activity in the future. (Doc. No. 279 at pp.21–22.)

The Court denies Plaintiff Brighton's motion for enhanced damages under the Lanham Act. The jury award of $2,652,000 in actual damages and the Court's award of attorneys' fees reasonably compensates Brighton and any enhancement may constitute an impermissible penalty against Coldwater. The Lanham Act provides that any enhancement by a court, "shall constitute compensation and not a penalty." 15 U.S.C. §1117(a). The jury specifically rejected imposing punitive damages on Coldwater. (Doc. No. 265.) Brighton's arguments that Coldwater needs to be deterred from future infringement through an enhanced damage award sounds in punishment, and do not claim that the jury's award fails to adequately compensate Brighton.

## Conclusion

Based on the reasons set forth above, the Court GRANTS Plaintiff Brighton's motion for attorneys' fees in the amount of $1,235,404 and DENIES Defendant Coldwater's motion for attorneys' fees. The Court DENIES Plaintiff Brighton's motion for prejudgment interest and DENIES Plaintiff Brighton's motion for enhancement of damages under the Lanham Act.

IT IS SO ORDERED.

DATED: January 20, 2009

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT